UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| LONNIE T. HAWKINS, | Case No. 3:24-cv-00330-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WASHOE COUNTY, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Lonnie T. Hawkins, a pretrial detainee at the Washoe County Detention Facility ("WCDF") filed an application to proceed *in forma pauperis* ("IFP Application") and Complaint alleging police officers used excessive force on him and his constitutional rights were otherwise violated when he was arrested and then booked into WCDF. (ECF Nos. 1, 1-1, 4.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 5), recommending the Court grant Hawkins' IFP Application, permit him to proceed on one claim, and grant him leave to amend as to some other claims. To date, no objections to the R&R have been filed. Because there is no objection, and as further explained below, the Court will adopt the R&R.

Because there is no objection, the Court need not conduct de novo review, and is satisfied that Judge Weksler did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). As mentioned, Judge Denney first recommends the Court grant Hawkins' IFP Application. (ECF No. 5 at 1-3.) Judge Denney next recommends Washoe County be dismissed as a defendant but with leave to amend because Hawkins did not allege that any county policy led to any violation of

1    his Constitutional rights. (*Id.* at 6-7.) Judge Denney next recommends Hawkins' excessive
2    force claim regarding his arrest be dismissed with leave to amend to allege facts regarding
3    each defendant's role in the use of excessive force. (*Id.* at 7-8.) Judge Denny then
4    recommends Hawkins' false arrest claim be dismissed with leave to amend for insufficient
5    factual allegations, subject to the further caveat that it may not be a legally viable claim.
6    (*Id.*at 8-9.) Judge Denney similarly recommends that Hawkins' failure to secure
7    exculpatory evidence claim be dismissed with leave to amend because he did not allege
8    the who, what, or how of that claim. (*Id.* at 10-11.) Judge Denney next recommends
9    Hawkins' failure to read him his *Miranda* rights claim be dismissed with prejudice because
10   that does not necessarily constitute a violation of his Fifth Amendment rights. (*Id.* at 11.)
11   Judge Denney goes on to recommend dismissal of Hawkins' claim based on the mere
12   fact that DNA was collected from him via a cheek swab with leave to amend but
13   recommends that his claim for excessive force while performing the cheek swab should
14   proceed. (*Id.* at 11-12.) Judge Denney finally recommends that Hawkins' equal protection
15   claim based on discrimination be dismissed with leave to amend, again for insufficient
16   factual allegations. Having reviewed the R&R, Judge Denney did not clearly err.

17          It is therefore ordered that Judge Denney's Report and Recommendation (ECF
18   No. 5) is accepted and adopted in full.

19          It is further ordered that Hawkins' IFP application (ECF No. 1) is granted.

20          It is further ordered that, within 30 days, Hawkins must pay an initial partial filing
21   fee in the amount of $9.62. Thereafter, whenever the amount in his inmate account
22   exceeds $10, he is required to make monthly payments in the amount of 20 percent of
23   the preceding month's income credited to his account until the full $350 filing fee is paid.
24   This is required even if this case is dismissed or is otherwise unsuccessful.

25          The Clerk of Court is directed to send a copy of this order to the attention of Chief
26   of Inmate Services for the Washoe County Detention Facility at 911 E. Parr Blvd., Reno,
27   NV 89512.
28   ///

It is further ordered that Hawkins' redundant, second IFP Application (ECF No. 4) is denied as moot.

The Clerk of Court is further directed to file a copy of the Complaint (ECF No. 1-1).

It is further ordered that Hawkins may proceed on his Fourteenth Amendment excessive force claim against the Doe DNA collectors and/or deputies once Plaintiff learns their identities and seeks to substitute or amend to name them in accordance with the Federal Rules of Civil Procedure, Local Rules, and any applicable scheduling order deadlines.

It is further ordered that Hawkins' claim based on the allegation he was not Mirandized before or after his arrest is dismissed with prejudice.

It is further ordered that Hawkins' remaining claims are dismissed with leave to amend consistent with Judge Denney's analysis in the R&R.

The Clerk of Court is further directed to send Hawkins instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

It is further ordered that Hawkins must file any amended complaint consistent with this order and correcting the deficiencies identified in the R&R within 30 days. The amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the amended complaint will no longer be before the Court. Hawkins must also check the box for the first amended complaint on the Court's form civil rights complaint.

It is further ordered that, if Plaintiff fails to file an amended complaint within 30 days, this case will proceed only against the Doe defendants on the Fourteenth Amendment excessive force claim regarding the forceful cheek swab.

DATED THIS 12th Day of November 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE