# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LONNIE T. HAWKINS,

      Plaintiff

v.

WASHOE COUNTY, et al.,

      Defendants

Case No.: 3:24-cv-00330-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 8

        This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

        Plaintiff was a detainee when he initiated this action, but was subsequently convicted and now is in the custody of the Nevada Department of Corrections (NDOC). (*See* ECF No. 10.)[1] The court previously screened Plaintiff's original complaint, and he was allowed to proceed on his Fourteenth Amendment excessive force claim against the Doe DNA collectors and/or deputies once he learns their identities. His claim he was not Mirandized was dismissed with prejudice. His remaining Fourth Amendment claims for excessive force and unlawful arrest as well as his due process claim regarding the alleged failure to secure evidence and DNA collection were dismissed with leave to amend. (*See* ECF Nos. 5, 6.) He has filed an amended complaint, which the court now screens.

///

///

---

[1] *See also* Case Information - Washoecourts, Case CR23-2533, last visited June 26, 2025.

# I. SCREENING

## A. Standard

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,

395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

Plaintiff's first amended complaint (FAC) names the following defendants: Erik Wilson, Jason Haar, Jose Hernandez, Steven Hernandez, Casey Thomas, Bryan Christensen, Richard Jager, Steven Welin, Christopher Johnson, Wesley Leedy, and Cari DeSantis.

Plaintiff alleges that on October 1, 2023, he was arrested because he was in his vehicle with Bianca Arias, whom he did not know was missing. He asserts that he was unlawfully arrested without probable cause and with excessive force and was detained for over an hour where he was not advised of his rights.

///

1.  **Claim 1**

In Claim 1, Plaintiff asserts his rights under the Fourth Amendment were violated because he was arrested without probable cause. He asserts that on October 1, 2023, he was parked after washing his car and he and his passenger, Bianca Arias, fell asleep. Around 6:00 a.m., police yelled at him to put his hands up, stop moving, and told him to open the door and lay on the ground. This was done by Officers Haar, J. Hernandez, S. Hernandez, Wilson, and Jager. Plaintiff claims he was handcuffed aggressively, and he was not told why he was being arrested. Nor was he read his rights. He was then placed in a patrol car and told the officers the vehicle was his, but he did not consent to it being searched. (ECF No. 8 at 4.)

He includes an arrest report and declaration of probable cause listing the arresting officer as Wilson. Plaintiff was charged with possession of a controlled substance. The declaration by Officer Wilson states that officers were advised by dispatch that the vehicle could be related to a previous call with a female, Bianca Arias, being kidnapped. Officers located the vehicle, and Plaintiff was asleep in the driver's seat. They had Plaintiff exit the vehicle, which he did, and he was detained. Bianca Arias was located in the rear passenger side of the vehicle. The declaration goes on to state that the driver's side door was left open by Plaintiff, and officers observed a white baggie with a crystal substance in plain view. Officer Jager did a field test of the substance and it tested positive for methamphetamine. During a search of the vehicle, mushrooms were also located. Plaintiff was placed under arrest for possession of a controlled substance, and Officer Hernandez transported Plaintiff to the jail where he was booked on charges. (*Id*. at 5-6.)

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." U.S. Const. amend IV. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment

provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause.").

"Probable cause exists if the arresting officers had knowledge and reasonably trustworthy information of facts and circumstances sufficient to lead a prudent person to believe that [the arrestee] had committed or was committing a crime." *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1097-98 (9th Cir. 2013) (citation and quotation marks omitted).

Plaintiff alleges he was not told the reason for his arrest and there was no probable cause for his arrest. However, the probable cause declaration submitted with the FAC directly contradicts this allegation. He was arrested because the officers found in plain view a substance that ultimately tested positive for methamphetamine. As such, Plaintiff's FAC fails to state a Fourth Amendment claim that there was no probable cause to support his arrest. Therefore, this claim should be dismissed.

To the extent he includes an allegation that he was not read his rights, his claim that he was not properly Mirandized was already dismissed with prejudice.

**2. Claim 2**

In Claim 2, Plaintiff alleges that after he was awakened by Officers S. Hernandez, J. Hernandez, Haar, and Wilson, he was struck by a taser, but goes on to state that he is "not sure if [he] was shock[ed] or if [the taser] even hit [him]," but he did "recall the loud sound of a taser like right in the back of [his] head." Plaintiff avers that he was forced into handcuffs that were so tight that his skin tore immediately when he was lifted off the ground. He contends that he has a scar that needed stitches on his right wrist. He goes on to allege he was bitten by ants on his face

and in his hair. He references cruel and unusual punishment under the Eighth or Sixth Amendments. (ECF No. 8 at 7.)

While Plaintiff references the Eighth Amendment, a claim that excessive force was used during the course of an arrest or other seizure of a free citizen is governed by the Fourth Amendment and applies an "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005) (en banc). The Sixth Amendment is not implicated in a claim of excessive force.

This analysis "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (internal quotation marks and citation omitted). "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id*. at 397 (citations omitted).

The objective reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*. (citation omitted). The most important is "whether the subject posed an 'immediate threat to the safety of the officers or others.'" *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc) (quoting *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (en banc)).

These factors are not exhaustive, and courts are "to examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case[.]'" *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v.*

1  *Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). Courts conduct their evaluation of reasonableness

2  "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of

3  hindsight." *Graham*, 490 U.S. at 396 (citation omitted).

4       Plaintiff now alleges that he is not even sure that he was struck by a taser, but he did hear

5  the sound of a taser behind his head. This is not sufficient to plausibly assert a claim that

6  excessive force was utilized against him related to the alleged use of a taser.

7       Plaintiff also asserts that excessive force was used in the application of wrist restraints;

8  however, he is required to allege each defendant either personally participated in the use of

9  excessive force or had a duty to intervene. He was previously instructed that in any amended

10 pleading he is required to assert allegations as to each defendant's role in the use of excessive

11 force. Plaintiff's FAC fails in this regard. Once again, he only includes general allegations that

12 excessive force was used in handcuffing him. He does not identify the defendant responsible for

13 handcuffing or describe the circumstances surrounding the alleged use of force. Therefore, his

14 excessive force claim should be dismissed.

15    **3.  Claim 3**

16      In Claim 3, Plaintiff alleges that he was falsely arrested for methamphetamine found by

17 Officers Christensen, Wilson, Jager and Welin. He disputes he ever had this on his person or in

18 his possession. He also references being charged with attempted sex trafficking because of

19 "Rachel's" phone conversation with Officer Christensen. He then states that he was charged by

20 Johnson without probable cause. He was also charged with kidnapping because "Samantha Perry

21 said her daughter was being kidnap[ed]," but he contends that Ms. Perry never spoke to Ms.

22 Arias. Plaintiff goes on to allege that Johnson charged him with sexual assault on November 29,

23 2023, again without probable cause.

Plaintiff does not include sufficient factual allegations to state a claim for false arrest. A conclusory statement that an arrest or charges lack probable cause is not enough under *Iqbal* and *Twombly*. Plaintiff's statement that he disagrees with the facts supporting charges against him is also insufficient. Plaintiff was instructed in the last screening order that he is required to include *facts* describing the circumstances of each alleged constitutional violation and the role each defendant played in the violation of his rights. For these reasons, the Fourth Amendment claims for false arrest in Claim 3 should be dismissed. Moreover, Plaintiff has since been convicted on charges related to these incidents, and so *Heck* also requires dismissal of these claims.

### 4. Reno Police Department

The caption lists Reno Police Department (RPD), but it appears Plaintiff is just referencing that the other defendants are RPD employees as there are no allegations directed against RPD. Plaintiff was advised in the order screening the original complaint of the pleading requirements for asserting a claim against a municipality. Since he did not include allegations against RPD, the court will not construe the FAC as asserting any claim against RPD.

## C. Conclusion

Plaintiff has already been given leave to amend to attempt to state claims for unlawful arrest and excessive force, but his FAC remains deficient. As such, it is now recommended that these claims be dismissed with prejudice.

Plaintiff's FAC did not include the claim that his DNA was collected using excessive force—which was the only claim allowed to proceed (against the defendants once they are identified) in the original screening order. It is unclear whether Plaintiff intended to omit that claim; however, Plaintiff was expressly cautioned by the court that any claims or defendants not included in the FAC would not go forward in this action. Plaintiff should be given one final

attempt to amend *only* to assert his claim for excessive force related to collection of his DNA. Again, this claim should only be permitted to proceed against the defendant DNA collectors or officers once they are identified and Plaintiff seeks to substitute or amend to name them in accordance with the Federal Rules of Civil Procedure, Local Rules, or any applicable scheduling order deadlines.

## III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **DISMISSING** Plaintiff's Fourth Amendment false arrest and excessive force claims (Claims 1, 2 and 3 of the FAC) **WITH PREJUDICE**; and

(2) Giving Plaintiff one final opportunity to amend **only** with respect to his claim of excessive force in the collection of his DNA, which was permitted to proceed in the original screening order against the Doe DNA collectors and/or deputies once Plaintiff learns their identities and seeks to substitute or amend to name them in accordance with Federal Rules of Civil Procedure, Local Rules, or any applicable scheduling order deadlines.

(3) The Clerk should be instructed to **SEND** Plaintiff the instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

(4) Plaintiff should be given **30 DAYS** from the date of any order adopting this Report and Recommendation to file a second amended complaint correcting the deficiencies noted above. The second amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the second amended complaint will no longer be before the court. Plaintiff shall check the box for the second amended

complaint on the court's form civil rights complaint. The second amended complaint should only address Plaintiff's claim of excessive force in the collection of his DNA. If Plaintiff fails to file a second amended complaint within the 30 days, this action may be dismissed.

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 27, 2025

_____
Craig S. Denney
United States Magistrate Judge