UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LONNIE T. HAWKINS,<br><br>                    Plaintiff,<br>    v.<br>WASHOE COUNTY, *et al.*,<br><br>                    Defendants. | Case No. 3:24-cv-00330-MMD-CSD<br><br>ORDER |

*Pro se* Plaintiff Lonnie T. Hawkins, who is currently incarcerated in the custody of the Nevada Department of Corrections (*see* ECF No. 10), initiated this action by filing an application to proceed *in forma pauperis* ("IFP") and a civil rights complaint under 42 U.S.C. § 1983 against police officers for use of excessive force and for unlawful arrest prior to when he was booked as a pretrial detainee into the Washoe County Detention Facility ("WCDF"). (ECF Nos. 1, 1-1.) The Court granted the IFP application and permitted Hawkins to proceed on a Fourteenth Amendment excessive force claim against Doe DNA collectors and/or deputies once he learned of their identities, dismissed with prejudice the claim that he was not *Mirandized* prior to or after his arrest, and dismissed several other claims with leave to amend.[1] (ECF No. 6.) Hawkins subsequently filed a first amended complaint ("FAC") in which he attempted to state Fourth Amendment claims for excessive force and unlawful arrest ("Claims 1, 2, and 3 of FAC"). (ECF No. 8.) Before the Court is the second Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 12), recommending the Court: (1) dismiss with prejudice the

---

[1]In its adoption of U.S. Magistrate Judge Craig S. Denney's first Report and Recommendation ("R&R") (ECF No. 5), the Court dismissed with leave to amend Hawkins' remaining Fourth Amendment claims for excessive force and unlawful arrest as well as his due process claim regarding the alleged failure to secure evidence and DNA collection. (ECF No. 6; *see also* ECF No. 12 at 1.)

1  amended Fourth Amendment false arrest and excessive force claims (i.e., Claims 1, 2,
2  and 3 of FAC); and (2) grant leave to amend the claim of excessive force in the collection
3  of Hawkins' DNA once the identities of Doe DNA collectors and/or deputies are learned.
4  (ECF No. 12 at 8-9.) To date, no objections to the R&R have been filed. Because there
5  is no objection, and, as further explained below, the Court will adopt the R&R.

6  Because there is no objection, the Court need not conduct de novo review, and is
7  satisfied that Judge Denney did not clearly err. *See United States v. Reyna-Tapia*, 328
8  F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and
9  recommendations is required if, but *only* if, one or both parties file objections to the
10 findings and recommendations." (emphasis in original)). As mentioned, Judge Denney
11 first recommends the Court dismiss with prejudice the amended Fourth Amendment
12 unlawful arrest "without probable cause" claim (i.e., Claim 1 of FAC) because the arrest
13 occurred after officers discovered a substance "in plain view" that tested positive for
14 methamphetamine. (ECF No. 12 at 4-5, 9.) Judge Denney next recommends dismissal
15 with prejudice of the amended Eighth Amendment excessive force claim (i.e., Claim 2 of
16 FAC) for insufficient factual allegations, where Hawkins failed to plausibly allege that a
17 taser was used against him and provided vague, unsupported assertions regarding the
18 use of wrist restraints without identifying the "who" behind the claim. (*Id.* at 5-7, 9.) Judge
19 Denney similarly recommends dismissal with prejudice of the amended false arrest claim
20 (i.e., Claim 3 of FAC), again, for insufficient factual allegations. (*Id.* at 7-8, 9.) Finally,
21 Judge Denney recommends that, because the FAC fails to include the claim that Plaintiff's
22 DNA was collected through the use of excessive force, Hawkins be granted leave to
23 amend the claim once the identities of Doe DNA collectors and/or deputies are discovered
24 so that he may substitute the names of the appropriate defendants. (*Id.* at 8-9.) Having
25 reviewed the R&R, Judge Denney did not clearly err.

26 It is therefore ordered that Judge Denney's Report and Recommendation (ECF
27 No. 12) is accepted and adopted in full.

28

It is further ordered that Hawkins' Fourth Amendment false arrest and excessive force claims (Claims 1, 2, and 3 of FAC) are dismissed with prejudice.

It is further ordered that Hawkins will be granted one final opportunity to amend his Fourteenth Amendment excessive force claim against Doe DNA collectors and/or deputies once he learns their identities and seeks to substitute or amend to name them in accordance with the Federal Rules of Civil Procedure, Local Rules, and any applicable scheduling order deadlines. As noted below, the Court will dismiss this action if Hawkins fails to timely file an amended complaint.

The Clerk of Court is further directed to send Hawkins instructions for filing a civil rights complaint by an incarcerated individual and form civil rights complaint by an inmate.

It is further ordered that Hawkins may file a second amended complaint correcting the deficiencies noted above within 30 days. The second amended complaint must be complete in and of itself without referring to or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forward in the second amended complaint will no longer be before the Court. Hawkins must also check the box for the second amended complaint on the Court's form civil rights complaint. The second amended complaint should only address Hawkins' claim of excessive force in the collection of his DNA. If Hawkins fails to file a second amended complaint within the 30 days, the Court will dismiss this action.

DATED THIS 23rd Day of July 2025.

_____  
MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE